

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA ILLIE-STOUT,<br><br>Plaintiff,<br><br>v.<br><br>BARRIER FREE LIVING INC.,<br><br>Defendant. | ECF CASE<br><br>Case No.<br><br>COMPLAINT<br><br>TRIAL BY JURY |

## NATURE OF THE ACTION AND THE PARTIES

1.  This is an action to redress unlawful employment practices, under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. §290 et seq. and the New York City Human Rights Law, (the "NYCHRL"), N.Y.C. Admin. Code §8-101 et seq.

2.  The Plaintiff, Ms. Illie-Stout ("Plaintiff" or "Illie-Stout") is an adult with Cerebral Palsy that results in noticeable physical limitations; accordingly, she is a disabled American within the meaning of the Americans with Disabilities Act.

3.  Defendant Barrier Free Living, Inc. ("BFL" or "Defendant") is business corporation organized under the laws of the State of New York. Their principle place of business is 270 East 2nd Street, New York, NY 10009.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 12101 and 28U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper within the New York Division of the Southern District of New York because all causes of action accrued within New York County, New York.

6. Plaintiff filed a timely charge of discrimination with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission ("EEOC").

7. All pre-suit requirement were met with the issuance of a Notice of Right To Sue Letter issued by the EEOC.

8. Plaintiff has satisfied all of the statutory prerequisites to filing suit in this Court.

9. Plaintiff seeks an award of appropriate relief.

## FACTS

10. Cerebral palsy refers to a group of disorders that affect a person's ability to move and to maintain balance and posture. It is due to a non-progressive brain abnormality, which means that it does not get worse over time, though the exact symptoms can change over a person's lifetime. People with cerebral palsy have damage to the part of the brain that controls muscle tone. Muscle tone is the amount of resistance to movement in a muscle. It is what lets you keep your body in a certain posture or position.

*About Cerebral Palsy*, http://www.cdc.gov/ncbddd/dd/cp2.htm (June 30, 2008).

11. Illie-Sout commenced her employment with BFL on or about February 23, 2003.

12. On numerous occasions, Illie-Stout suffered from embarrassment and humiliation when Georgette Delinois ("Delinois") a BFL supervisor, in multiple episodes of obnoxious buffoonery would mimic Illie-Stout's physical disability for entertainment purposes in the presence of other BFL

2

employees.

13. Delinois from time-to-time would belittled Illie-Stout's disability and show persistent disregard for her need for reasonable travel accommodations to our other location for work related duties.

14. From time-to-time Delinois would accuse Illie-Stout of *not being a team player* because she did not participate in athletic actives with other employees despite Illie-Stout's obvious physical limitations.

15. Because of the above referenced bad behavior by a management employee, Illie-Stout had no recourse but to file an internal complaint regarding Delinois; however, it was effectively ignored by management.

16. When Illie-Stout applied for promotional opportunity as the natural candidate for succession to this position.

17. During the interview for the above referenced promotional opportunity, Illie-Stout repeatedly questioned by Delinois about her disability which is unrelated to whether she is qualified for the promotional opportunity.

18. Illie-Stout had reasons to know that her application for a promotion would be denied given Delinois' unlawful discriminatory conduct with the support of management.

17. Indeed, Illie-Stout was denied a promotional opportunity because of her disability and a less qualified able-bodied person was promoted.

## COUNT I
### (ADA)

18. Illie-Stout repeats and realleges every allegation in paragraphs 1 through 17 of this Complaint with the same force and effect as though fully set forth herein.

3

19. At all relevant times, BFL was an "employer" within the meaning of the ADA 42 U.S.C. §12101 et seq

20. At all relevant times, Illie-Stout was an "employee" within the meaning of "ADA"), 42 U.S.C. §12101 et seq.

21. BFL's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of "ADA"), 42 U.S.C. §12101 et seq.

22. BFL's conduct, as alleged herein, was carried out with malice or reckless disregard for Illie-Stout's protected rights to be free from discrimination.

23. As a result BFL's unlawful conduct, Illie-Stout has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Illie-Stout is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from BFL under the ADA.

24. As a further result of BFL's unlawful conduct, Illie-Stout has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Illie-Stout is entitled to recover damages for such injuries from BFL under the ADA.

## COUNT III
## (NYSHRL)

25. Illie-Stout repeats and realleges every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as though fully set forth herein.

26. At all relevant times, BFL was an "employer" within the meaning of the NYSHRL. N.Y. Exec. Law § 290 et seq.

4

27. At all relevant times, Illie-Stout was an "employee" within the meaning of the NYSHRL and a "person" within the meaning of the NYSHRL.

28. BFL's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability in violation of the NYSHRL.

29. As a result of BFL's unlawful conduct, Illie-Stout has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Illie-Stout is entitled to recover such monetary and other damages, from BFL under the NYSHRL.

30. As a further result of BFL's unlawful conduct, Illie-Stout has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Illie-Stout is entitled to recover damages for such injuries from BFL under the NYSHRL.

## COUNT III
## NYCHRL

31. Illie-Stout repeats and realleges every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as though fully set forth herein.

32. At all relevant times, BFL was an "employer" within the meaning of the NYCHRL. N.Y.C. Admin. Code §8 -101 et seq.

33. At all relevant times, Illie-Stout was an "employee" within the meaning of the NYCHRL and a "person" within the meaning of the NYCHRL.

34. BFL's conduct, as alleged herein, constituted unlawful discriminatory practices and

unlawful discrimination on the basis of disability in violation of the NYCHRL.

35. As a result of BFL's unlawful conduct, Illie-Stout has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Illie-Stout is entitled to recover such monetary and other damages, from BFL under the NYCHRL.

36. As a further result of BFL's unlawful conduct, Illie-Stout has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Illie-Stout is entitled to recover
damages for such injuries from BFL under the NYCHRL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment as follows:

(A) On Count I, enter a judgment declaring the acts and practices of BFL to be in violation of the ADA.

(B) On Count I, award Plaintiff as against BFL loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of BFL's unlawful discrimination, unlawful harassment, in accordance with the ADA and other supporting laws.

(C) On Count I, award Plaintiff as against BFL consequential damages for losses resulting from Defendant's unlawful discrimination and unlawful harassment in accordance with the ADA and other supporting laws.

(D) On Count I, award Plaintiff as against BFL compensatory damages for, among other

6

items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the ADA and other supporting laws.

(E) On Count I, award Plaintiff as against BFL the cost of this action, together with reasonable attorneys' fees, in accordance with the ADA and other supporting laws.

(F) On Count II, enter a judgment declaring the acts and practices of BFL to be in violation of the NYSHRL.

(G) On Count II, award Plaintiff as against BFL loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said Defendant's unlawful discrimination, unlawful harassment, in accordance with the NYSHRL.

(H) On Count II, award Plaintiff as against BFL consequential damages for losses resulting from Defendant's unlawful discrimination and unlawful harassment in accordance with the NYSHRL.

(I) On Count II, award Plaintiff as against BFL compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYSHRL.

(J) On Count II, award Plaintiff as against BFL the cost of this action, together with reasonable attorneys' fees, in accordance with the NYSHRL.

(K) On Count III, enter a judgment declaring the acts and practices of BFL to be in violation of the NYCHRL.

(L) On Count III award Plaintiff as against BFL consequential damages for losses

resulting from BFL's unlawful discrimination in accordance with the NYCHRL.

(M) On Count III, award Plaintiff as against BFL compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL.

(N) Grant Plaintiff such other and further relief as may be necessary and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable by jury.

New York, New York
July 16, 2008

Respectfully submitted,

LAW OFFICE OF LOCKSLEY O. WADE, LLC
110 Wall Street, 11th Floor
New York, NY 10005
(212) 933-9180
(212) 253-4142 Fax
wade@wadefirm.com
*Attorney for the plaintiff*

By: _____
Locksley O. Wade, Esq.