UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                 :

DANA ILLIE-STOUT,                                     :

                                   Plaintiff,         :

                                                        :             08 Civ. 6388 (GEL)

         -v.-                                             :

                                                        :             **OPINION AND ORDER**

BARRIER FREE LIVING, INC.,                 :

                                 Defendant.    :

------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      In this action, plaintiff sues for unlawful employment practices pursuant to (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., (2) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and (3) the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-101 et seq.  Defendant moves to dismiss counts (2) and (3) on the grounds that they are barred by an election of remedies provision under New York law.  The motion will be granted.

      The NYSHRL contains an election of remedies provision, which states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . *unless such person had filed a complaint hereunder or with any local commission on human rights* . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9) (emphasis added).  Thus, an individual must choose whether to press a NYSHRL claim in an administrative forum established under the NYSHRL (or an equivalent

local forum), or in a court of appropriate jurisdiction. "Generally, the remedies of administrative review through the Human Rights Division or judicial review are mutually exclusive." Moodie v. Federal Reserve Bank of New York, 58 F.3d 879, 882 (2d Cir. 1995). Unless the claim is dismissed by the administrative body for one of the enumerated procedural reasons, the election of remedies provision under the NYSHRL presents an "insuperable jurisdictional bar" to a federal court hearing a claim that has already been litigated in the state administrative forum. Id. at 884.

A similar election of remedies provision under the NYCHRL precludes suits based on a NYCHRL claim that has been adjudicated in an administrative forum. See N.Y.C. Admin. Code § 8-502. The Second Circuit has held that the state and the city provisions are "nearly identical" and that "discussion of the latter applies equally to the former." York v. Association of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002). Accordingly, "[NYS]HRL and [NY]CHRL claims, once brought before the [New York State Division of Human Rights], may not be brought again as a plenary action in another court." Id.

Plaintiff, who suffers from cerebral palsy, commenced this lawsuit on July 16, 2008 alleging discrimination by her supervisor because of her disability. Prior to that, in September 28, 2007, plaintiff had filed a complaint with the New York State Division of Human Rights (the "Division of Human Rights") regarding the same allegedly discriminatory behavior by her supervisor. (See Parker Decl. Ex. B.) That complaint was dismissed by the Division of Human Rights on March 20, 2008, because it found "no probable cause to believe that the [defendant] has engaged in or is engaging in the unlawful discriminatory practice complained of." (Parker Decl. Ex. D at 1.)

Thus, plaintiff's claims under the NYSHRL and the NYCHRL are barred by the laws' election of remedies provisions because she has already litigated the claims before the Division of Human Rights. The bar is jurisdictional, see Moodie, 58 F.3d at 882, and the claims must be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P.

Plaintiff objects that she did not receive the "full panoply of procedures" to which she was entitled in the proceeding before the Division of Human Rights. (Pl. Mem. 2.) In particular, plaintiff contends that witnesses to her discrimination were intimidated from testifying before the Division of Human Rights. (Illie-Stout Aff. ¶ 2.) Plaintiff offers no admissible evidence of this intimidation, only the hearsay statements of witnesses she says told her about the intimidation. Even if such intimidation did occur, it would not cure the jurisdictional bar to hearing plaintiff's claims. Judicial review of a decision of the Division of Human Rights may be sought, but such an appeal "shall be brought in the supreme court in the county wherein the discriminatory practice . . . occurs," and the jurisdiction of such a court is "exclusive." N.Y. Exec. Law § 298. Thus, this Court has jurisdiction neither to review the administrative decision or to decide plaintiff's claims under the NYSHRL or NYCHRL independently.

Accordingly, defendant's motion is granted, and counts two and three of plaintiff's complaint are dismissed.

SO ORDERED.

Dated: New York, New York
       January 12, 2009

_____
GERARD E. LYNCH
United States District Judge

3